Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

### for the

### District of New Jersey

### Trenton Division

MICHAEL DAVENPORT (PRO SE)

)
)
)

**Case No.** _____

*(to be filled in by the Clerk's Office)*

_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

**-v-**

)
)
)
)
)
)
)

**Jury Trial:** *(check one)*  ☑Yes  ☐No

NEW JERSEY BOARD OF PUBLIC UTILITIES
NEW JERSEY DEPARTMENT OF TREASURY
STATE OF NEW JERSEY

_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)

# R E C E I V E D

### SEP 0 7 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | **MICHAEL DAVENPORT** |
| Street Address | **176 MAIN ST** |
| City and County | **NEWTON, SUSSEX COUNTY** |
| State and Zip Code | **NEW JERSEY** |
| Telephone Number | **973 579-2652** |
| E-mail Address | **michaeldavenport@embarqmail.com** |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | NEW JERSEY BOARD OF PUBLIC UTILITIES |
| Job or Title *(if known)* | |
| Street Address | 44 S. CLINTON AVENUE |
| City and County | TRENTON, MERCER COUNTY |
| State and Zip Code | NEW JERSEY |
| Telephone Number | 609 777-3300 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | NEW JERSEY DEPARTMENT OF TREASURY |
| Job or Title *(if known)* | |
| Street Address | P.O. BOX 002 |
| City and County | TRNTON, MERCER COUNTY |
| State and Zip Code | NEW JERSEY   08625-0002 |
| Telephone Number | 609 292-6748 |
| E-mail Address *(if known)* | |

**Defendant No. 3**

| | |
|---|---|
| Name | STATE OF NEW JERSEY |
| Job or Title *(if known)* | DEPT OF LAW AND PUBLIC SAFETY - OFF. OF ATTNY GENER |
| Street Address | RJ HUGHES JUSTICE COMPLEX 25 MARKET ST - P.O. BOX 08 |
| City and County | TRENTON, MERCER COUNTY |
| State and Zip Code | NEW JERSEY 08625-0080 |
| Telephone Number | 609 292-4925 |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | **NEW JERSEY BOARD OF PUBLIC UTILITIES** |
| Street Address | **44 S. CLINTON AVENUE** |
| City and County | **TRENTON, MERCER COUNTY** |
| State and Zip Code | **NEW JERSEY 08625** |
| Telephone Number | **609 777-3300** |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*:

**42 U.S.C. SECTION 1981**

☑ Relevant state law *(specify, if known)*:

**NEW JERSEY LAW AGAINST DISCRIMINATION  N.J.S.A. 10; 5-1**

☐ Relevant city or county law *(specify, if known)*:

**N/A**

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☑ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 16, 2016, January 2010 thru January 2018, Continuous

C.    I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☑ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

SEE ATTACHED

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV.   **Exhaustion of Federal Administrative Remedies**

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

N/A

B.     The Equal Employment Opportunity Commission *(check one)*:

☑   has not issued a Notice of Right to Sue letter.

☐   issued a Notice of Right to Sue letter, which I received on *(date)* _____

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

V.   **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        8-21-2018

Signature of Plaintiff

Printed Name of Plaintiff        Michael Davenport

### B.    For Attorneys

Date of signing:        _____

Signature of Attorney        _____

Printed Name of Attorney        _____

Bar Number        _____

Name of Law Firm        _____

Street Address        _____

State and Zip Code        _____

Telephone Number        _____

E-mail Address        _____

### NATURE OF THE CLAIM

This action is in pursuit of declaratory, injunctive and equitable relief, which will include monetary damages as prescribed herein or as deemed appropriate by the court or appointed jury to recompense the Plaintiff for the improper and illegal discriminatory employment practices directly and indirectly implemented by the defendants. As such, the Plaintiff claims irreparable personal injury and financial losses by way of the Defendant's long-standing, institutional discriminatory practices, based on race, against the Plaintiff in violation of the Civil Rights Act of 1866, 42 USC Section 1981.and the New Jersey Law /Against Discrimination (et seq.) The Plaintiff in this complaint is an African American male whom has repeatedly been victimized by the Defendant's failure to promote African Americans to management level positions regardless of their qualification in deference to white candidates of similar or lesser standing. It should be noted that while a claim of gender-based discrimination is not being submitted as a part the Section 1981 portion of this complaint, the Plaintiff further submits herein that the New Jersey Board of Public Utilities (NJBPU, the Primary Defendant), the Department of Treasury and the State of New Jersey (collectively the Defendants) have shown a clear, premeditated and purposeful aversion to promoting and/or hiring African Americans males to management level positions. During the Plaintiff's employment with the New Jersey Board of Public Utilities, up to and ending on December 31, 2017, only one African American male had been promoted to a senior management position through the ranks or by direct hire. During the same period, only one African American female was promoted to a senior management position. It should be noted that for the purposes of this complaint political appointments, transfers and other like patronage type hiring or promoting is not considered.

The majority of the evidence and case matter to be presented in this matter pertains to the Defendant's unlawful acts and inactions between the period January 2010 and January 2018.  The Defendant's discriminatory policies and practices have irreparably damaged the Plaintiff personally and professionally to the extent that monetary damages and other administrative remedies are required to mitigate and/or offset the various injuries inflicted.

## SUMMARY OF THE CASE

Historically a minute percent of the Primary Defendant's middle management employees has been African American. The number is dramatically less for senior management employment. The Plaintiff submits that these estimates are expected to be consistent for all three defendants. The Defendants, as a whole, have historically refused to hire or promote African Americans to positions of top-level supervisors, middle managers or senior managers, based on race. This situation exists despite the fact that a substantial percentage of the Defendant's workforce is African American, However, only small percent hold management positions at any level. The Plaintiff's direct employer has never had an African American middle manager or senior manager in the Division of Audits where the Plaintiff was directly employed. Over the thirty-three years of his employment, the Plaintiff has applied for several management level positions. In each instance, the Agency failed to promote the Plaintiff on the basis of race in deference to white candidates, in line with long standing agency practice and custom, and in violation of the Civil Rights Act of 1866 42, USC Section 1981 and the New Jersey Law Against Discrimination et. seq. Most recently the Plaintiff was denied a promotion to the position of Chief, Bureau of Financial Audits the specific area in the agency where he worked for more than 33 uninterrupted years without negative incident or unfavorable evaluation to a while male who lacked both direct experience and familiarity with the day to day operations of the Agency and without the benefit of a significant working knowledge of public utility regulation. The Defendants attempted to disguise their illegal activities by voiding the position of Chief, Bureau of Financial Audits, at the eleventh hour and replacing it with the position of Chief, Burau of Management Audits, a position that the Plaintiff also applied for but was denied acknowledgement, interview or serious consideration. based on race. Moreover, the Defendants acts in this regard were performed without detailed or sufficient explanation to the Plaintiff.

During the various application periods and interview processes, the Primary Defendant also engaged in numerous illegal, unlawful and unfair employer workplace tactics designed and effected to frustrate the Plaintiff from pursuing certain opportunities. These practices consisted of excessively reposting the same position to 'wear down' targeted candidates) and the eleventh hour changing of the position's terms (i.e. compensation range) to discourage targeted candidates.

## PARTIES

PLAINTIFF

The Plaintiff, Michael Davenport, began his direct employment with his employer in November 1984 working under the direct authority and supervision of the New Jersey Board of Public Utilities. The Plaintiff has been employed exclusively by the Primary Defendant in excess of 33 consecutive years without interruption in the Division of Audits where he serves in various capacities as an Auditor/ Analyst. The Plaintiff has either worked directly or been materially involved in every aspect of Division of Audits activity which included special projects and various other high priority assignments in the Bureau of Financial Audits and the Bureau of Management Audits. The Plaintiff's work experience, education and performance record qualify him as having advanced standing in the Division of Audits and within the agency as a whole.

The Plaintiff's achievement and accomplishment includes, but are not limited to:

- The Plaintiff currently hold the position of Administrative 4. This is typically the next progressive step to the position Chief, Bureau of Financial Audits.
- The Plaintiff holds a BA Degree in Accounting from Rutgers University.
- The Plaintiff held a long-term designation as a Certified Fraud Examiner.
- The Plaintiff is a Certified Public Manager (CPM). The Program was created to train and prepare State of New Jersey employees to be future managers. CPM graduates are typically acknowledged publicly by the Defendant's. The Plaintiff's completion was not acknowledged. CPM graduates are typically offered management positions by the Primary Defendant. The Plaintiff was not promoted or offered a management position.
- The Plaintiff is a graduate of the Sloan Foundation Public Performance Measurement (PPM) Program at Rutgers University. (3.9 Grade Average)
- The Plaintiff was a recipient of the State's one-time cash award (Bonus) for exemplary service. The Plaintiff was the only person in the Audit Division to receive such a distinction.
- The Plaintiff successfully passed the state's Supervisory Battery Exam twice. On the second occasion his score led all Division off Audits candidates
- The Plaintiff was designated as audit division representative on some of the agency's highest priority initiatives.

## PARTIES

<u>DEFENDANTS</u>

The Defendant New Jersey Board of Public Utilities (The Primary Defendant, NJBPU, BPU) is a State agency operating in but not of the Department of Treasury legislatively empowered to oversee various fiscal and management operations of regulated utilities providing natural gas, electricity, water telecommunications and cable television service within the State of New Jersey. It was the direct hiring authority of the Plaintiff. Moreover, it is principle entity responsible for the management and supervision of the Plaintiff pertaining to all matters and all time periods referenced herein. Its offices serve as the primary work station of the Plaintiff.

The Defendant New Jersey Department of Treasury (Treasury) is an executive branch level department within the State of New Jersey. It is one of New Jersey's oldest and powerful state entities. It is charged with the responsibility of formulating and managing the State's budget and the related responsibilities pertaining to the generation and collection of state revenue. It also has the powerful role of coordinating, authorizing and disbursing appropriations to all state departments and agencies. It is the parent state agency overseeing the operations of the Primary Defendant New Jersey Board of Public Utilities.

The Defendant State of New Jersey is the employer in fact. By way of Executive Branch authority, it directs, administrates, coordinates, monitors and influences the operations of all fifteen state departments and various other boards, agencies and commissions including Defendants NJBPU and Treasury. It is the primary administration and policy setting source effecting all state employees and New Jersey state government process.  Consequently all departments, commissions, boards and other state entities represent, report to and are directly accountable to the State of New Jersey by way of the Executive Branch.

## JURISDICTION AND VENUE

The court has jurisdiction over this action pursuant to the Civil Rights Act of 1866 42, U.S.C. Section 1981.  The venue is proper and appropriate given that the majority material events in this matter occurred in this district

## FACTUAL ALLEGATIONS

During his employment, the Plaintiff either refused or avoided several lucrative job opportunities in the private and/or government sectors out of commitment to the Agency and in the pursuit of a career in public service. The Plaintiff's commitment to the Defendants was clear, obvious and focused from the very beginning. The Plaintiff actions and written communication made it clear to the Defendants that's he was ready and willing for a management level position and its additional responsibilities.  During the Plaintiff's career to date he has regularly gone above and/or beyond the call off duty by volunteering or initiating new work or work-related responsibilities or pushing for additional job-related training or acquiring it at his own expense. After working his way to the top of the arduous civil service professional staff series, the Plaintiff was ready and well prepared for a management level position. Instead he was greeted by the Defendant's race-based 'Management Glass Ceiling'. While it had been glaring apparent to the Plaintiff that management opportunities were not being fairly and/or proportionately offered to African American professional staff, there was a misplaced attitude of commitment, loyalty and unfounded optimism that drove the continuing pursuit of this unrealistic objective. While many other of the Plaintiff's similarly situated African American professional colleagues transferred, quit or retired in frustration, the Plaintiff stayed the course.

The Plaintiff first made his management aspirations known to the Primary Defendant on June 4, 2002 when he applied for the position of Section Supervisor Fiscal Resources. Then, on July 1, 2002, he applied for the positions of Chief, Bureau of Financial Audits Division of Audits and Chief, Bureau of Accounts Division of Telecommunications in 2002, In all three instances his letter of interest and resume were ignored. He was not offered an interview or given any serious consideration. The positions were awarded to white candidates of similar standing.

On September 23, 2009, the Plaintiff applied for the position Section Supervisor, Fiscal Resources. On October 2, 2009, the Plaintiff applied for the position of Assistant Director, Division of Energy. The Plaintiff's application for Assistant Director was ignored. No interview or consideration was given to the Plaintiff. The positions were awarded to white males of similar standing.

On September 17, 2013, the Plaintiff applied for the positions of Chief, Bureau of Management Division of Audits and Supervising Administrative Analyst. Both letters of interest and resume were ignored by the Primary Defendant without explanation. The positions were awarded to white males of similar standing.

On September 15, 2014, the Plaintiff applied for the position Director, Division of Audits. The Plaintiff reapplied to the same posting on February 18, 2015. The Plaintiff's letters of interest and resumes in both instances were ignored. No interview or serious consideration was offered or given to the Plaintiff. The position was awarded to a white candidate of similar standing.

On February 18, 2015, the Plaintiff applied to the above-referenced position of Chief, Bureau of Financial Audits Division of Audits. The Plaintiff's letter of interest and resume were ignored, with no interview, consideration or explanation given.

On February 8, 2016, the Plaintiff reapplied for the positions of Chief, Bureau of Financial Audits Division of Audits and Chief, Bureau of Management Audits Division of Audits. The Plaintiff's letter of interest regarding the position of Chief, Bureau of Management Audits was not acknowledged or seriously considered by the agency and no interview was offered. The plaintiff was reluctantly offered an interview for the position of Chief, Bureau of Financial Audits but denied the Plaintiff the promotion without sufficient reasoning or explanation.  In a hand delivered letter dated October 20, 2016 which was also conspicuously sent to the Plaintiff's home email and not allowed to go through the Defendant's email system as did all other correspondence in this matter, the Primary Defendant notified the Plaintiff he would not be offered the promotional opportunity but did not provide any other detail to support the failure to promote. The position was the quietly voided at the 11th hour without explanation and reclassified to the above reference position of Chief, Bureau of Management Audits of which the Plaintiff applied for but was denied an interview. The position was awarded to a white male candidate without agency experience or advanced standing. ***The Plaintiff humbly submits that the unique nature of public utility regulation and process and the Plaintiff's thirty-three years of continued service in the source Agency of the promotional opportunity translates into a superior standing. Thus, it can be concluded that the Plaintiff the was the most qualified person available to occupy the position of Chief, Bureau of Financial Audits.***

The Defendants also used various other unlawful administrative tactics to frustrate, harass and/or intimidate the Plaintiff from pursing management level career opportunities. The various tactics deployed included but was not limited to: 1. Stalling the position posting and application process to frustrate the Plaintiff's candidacy. 2. For a period exceeding six years, the Primary Defendant failed to perform the required annual Performance Assessment Reviews (PARS) denying the Plaintiff an opportunity to build an official performance profile. When the evaluations were being properly performed the Plaintiff consistently received above average ratings. ***The Plaintiff humbly submits on technical grounds the that Primary Defendant's negligent failure to perform the State mandated PARS voids any defense claims involving or related to the Defendant's reasoning for failing to promote based on any performance or work-related rationalizations***. 3. The Primary Defendant failed to process, review and finalize the majority of the Plaintiff's work product during the period 2010 thru 2017. A substantial amount of work product was submitted to management, but it was either stalled or never processed for approval. In addition, the Plaintiff was not allowed to perform or complete any substantive work for a period of over 6 years. Prior to the Primary Defendant's curtailment of the Plaintiff's activities, the Plaintiff had been highly active and participated in some of the agency's most high profile, high priority initiatives and projects  By requiring the Plaintiff  to sit idly for such an extended period without cause the Defendants Plaintiff denied the Plaintiff access to the recognition, visibility and credibility from completed work that would normally be received and a significant deciding factor in a fair and lawful promotional process. ***The Plaintiff humbly submits on technical grounds the that Primary Defendant's negligent failure to review or acknowledge or assign the Plaintiff's work product voids any defense claims involving or related to the Defendant's reasoning for failing to promote based on any performance or work-related rationalizations***. 4. Failing to acknowledge the Plaintiff's work-related extracurricular activities and accomplishments. 5. Routinely violating the State of New Jersey rules, procedures and customs regarding official job postings by utilizing a race driven agenda with regard to posting a position positions, interviewing candidates and hiring decision making. 6. Harassing the Plaintiff by denying legitimate travel expenses without cause.  7. Harassing the Plaintiff by placing a litigation hold status on the Plaintiff without reasonable cause for an extended period. 8. Harassing the Plaintiff during the interview process by unjustifiably threatening to implement no salary increase

to the promotional Chief, Bureau of Financial Audits promotional opportunity if accepted by the Plaintiff in sharp contrast to salary to long standing agency practice and policy.

The primary Defendants 100 plus year history of failing to fairly promote, hire interview, recruit and simply seriously consider African American for management level positions is as shameful as it is unlawful. Furthermore, if one subtracts the effect of temporary political appointments and patronage hiring, the presence of African Americans at management level is almost non-existent. Based on the Plaintiff cursory analysis of the aggregate issue, it has been surmised that the same condition holds true for the Defendants as a group. In light of the above referenced conduct by the Defendants, a clear pattern of discrimination against the Plaintiff has been identified and summarized. From a historical context the Defendants individually and collectively have shown an outright aversion to promotion, hiring and support of African Americans at the management level. As such, *the Plaintiff humbly reasserts that the Defendants, upon noticing the Plaintiffs commitment to advancement to management ranks within the agency, deployed various counter-measures based on the Plaintiff's race to thwart the Plaintiffs progress and efforts. Furthermore, the Defendants have openly and brashly displayed targeted, reckless, negligent unfair employer customs, operations and discriminatory practices against the Plaintiff based on race.* Most prominately, from the period 2009 to 2016, the Plaintiff applied for numerous management level positions all of which he was either adequately or exceptionally qualified to hold. However, in each instance, he was denied the promotion without cause on the basis of race. In most instances the Plaintiff was not interviewed, acknowledged (ignored) and/or simply not seriously considered for the position despite the Plaintiff's direct experience working in the agency and despite having met all the requirements of the job posting by way of direct experience, job performance and education.

## CAUSE OF ACTION

Based on a reasonable analysis of the facts summarized herein it can be concluded that the Defendants were aware or should have been aware of the above referenced discrimination based on race and other related violations of law in the same regard. In addition, from the aforementioned it can be reasonably concluded that the Defendants were cognizant of the fact that the Plaintiff was the front runner agency-wide for the position of Chief, Bureau of Financial Audits and other similar management positions and took aggressive actions to hinder and/or prevent such an occurrence. As such, it can be further reasoned that while the NJBPU was the primary actor in the majority of the unlawful behavior the remaining two Defendants were complicit with either actual knowledge and participation or implied awareness that the Primary Defendant engaged in various acts, actions or behaviors that were intended to deny the Plaintiff the above-referenced promotional opportunity and other management level advancement based on race in violation of the Civil Rights Act of 1866, 42 U.S.C 1981 (Section 1981), and the New Jersey Law Against Discrimination N.J.S.A 10 :5-1 et seq.

## COUNT I

The Plaintiff's alleges that over the course of his career, he was repeatedly passed over, ignored and/or denied due process and consideration for management level promotional opportunities, based on race, in various areas of the Board of Public Utilities for which he was either qualified or over qualified. Resultingly, the Plaintiff has suffered numerous professional and personal injuries, including but not limited to, loss of professional reputation, loss of self-esteem, loss of wages and wage increases and the related pension effects. In addition, the Plaintiff also suffered injured by way of recently discovered adverse health effects related to work place stress and the resulting emotional distress, physical pain and varying levels of depression.

## COUNT II

The Plaintiff alleges that his rights were violated when on October 20, 2016 the Defendant's denied him a promotion, based on race, to the position of Chief, Bureau of Financial Audits in the Division of Audits where he has worked for over 33 uninterrupted years without incident, negative report or poor evaluation and had advanced to a senior line-staff level. Moreover, during that time the Plaintiff was the most senior, experienced, available candidate that applied for the position. The Defendant's refused to promote the Plaintiff to the position without providing cause or valid reason. Shortly after denying the Plaintiff the position, the Primary Defendant filled the position under an alternate open promotional title Chief, Bureau of Management Audits. (It should be noted that the Plaintiff also applied for that position.) The Plaintiff application to that position was ignored. He was denied an interview, due process or consideration. The recipient of the promotional opportunity was a white male from outside the agency with no known, direct or related qualifying experience or education. Upon hire he was assigned the duties of Bureau Chief Bureau of Financial Audits.

## COUNT III

The Plaintiff alleges that his rights were violated by the racially bias actions taken by the Defendants that created a hostile and unlawful workplace wherein the Defendants were aware of the Plaintiff's long-term potential and interest for advancement and that the Plaintiff was the leading candidate for promotion and responded with an extended campaign of counter-measures designed to thwart the Plaintiff's efforts toward promotion, future career growth and advancement based on race. The Plaintiff further alleges that the actions of the Defendants were planned, premeditated, intentional and effected with reckless disregard of the Plaintiff rights or well-being, and in gross violation of Federal and State law regarding discrimination and fair workplace practices.

## COUNT IV

The Plaintiff alleges his rights were violated by the Primary Defendant's race bias in forming of a conclusion of the Plaintiff's qualifications for the promotional opportunity of Chief, Bureau of Financial Audits without performing the required Performance Assessment Review for a period in excess of six years.

## COUNT V

The Plaintiff alleges his rights were violated by the Primary defendant's racial bias in its intentional failure to acknowledge and/or fully process the Plaintiff's work product (Audits, Mergers, etc.) for a period in excess of six years.

## COUNT VI

The Plaintiff alleges his rights were violated by the Primary Defendant's racial bias in its intentional ignoring and/or failing to consider the Plaintiff's academic and professional accomplishments in the promotion review process.

## COUNT VII

The Plaintiff alleges his were violated by the Defendant's racial bias in its unlawful and intentional orchestration of delay tactics in the posting, application and interview processes related to the promotional opportunity of Chief, Bureau of Financial Audits initiated to discourage and/or frustrate of the Plaintiff who was known by the Defendant's to be a leading applicant with superior standing.

## COUNT VIII

The Plaintiff alleges his rights were violated by the Primary Defendant's unlawful and premeditated racial bias by the use of coercion and harassment tactics by threatening to reset the subject position's salary level at or below the Plaintiff's current salary level if the promotional opportunity was accepted in sharp contrast from agency custom, state policy and lawful workplace standards.

## COUNT IX

The Plaintiff alleges that his rights were violated by the Defendant's racial bias in its willful, deliberate and routine manipulation of the State of New Jersey's civil service rules and regulation as a means to deny promotional opportunities to the Plaintiff and other qualified candidates based on race.

## COUNT X

The Plaintiff alleges his rights were violated by the Defendant's bias and unlawful harassment and retaliation activities directed against the Plaintiff, based on race, wherein ordinary and necessary employee travel expenses incurred in the normal course of agency business were denied without reasonable cause during a period of high promotional activity. The Plaintiff was forced to threaten legal action to recover the expenses. In response the Defendants orchestrated a follow-up attack wherein he was publicly placed on "Litigation Hold" status for an extended period of several years.

## COUNT XI

The Plaintiff alleges his rights were violated by the Defendant's premeditated, racially bias and unlawful act of punishing the Plaintiff for complaining about the above-referenced failure to reimburse of out of pocket travel expenses by way of the Primary Defendant attempting to constructively terminate the Plaintiff by not allowing him to perform any material work-related duties and by keeping him in the office for a period of nearly six years without a work assignment.

## COUNT XII

The Plaintiff alleges his rights were violated by the Agency's senior management overtly bias and unjustifiable decision, based on race, to ignore the current Audit Division Director's recommendation to promote the Plaintiff to the position of Chief, Bureau of Financial Audits.

## PRAYER FOR RELIEF

1. The Plaintiff seeks that the court shall find that the actions, customs, conduct and practices of the Defendant's as put forth herein violate the Civil Rights Act of 1866, 42 USC Section 1981 and the New Jersey Law Against Discrimination et. seq.

2. The Plaintiff seeks that the Defendants, by Order of the court be directed to permanently discontinue those discriminatory acts as highlighted herein that were affected against the Plaintiff and other similarly situated persons within the Defendant's combined workplaces. This shall include any other related unlawful discriminatory offenses that are uncovered as a result of this complaint and the related proceedings.

3. The Plaintiff seeks the Defendants retroactively promote the Plaintiff to a position equal or greater to the subject promotional opportunity of Bureau Chief, Division of Audits with a salary and related benefits and adjustments commensurate to the higher of the combined Defendant or NJBPU norms adjusted back to the date of the original posting. including back pay and all other applicable adjustments.

4. The Plaintiff seeks reassignment to an agency not affiliated with the Primary Defendant to be jointly agreed to by the parties.

5. The Plaintiff seeks monetary damages in an amount to be determined by the court or by jury deliberation, that shall consider the Plaintiff's direct injuries that include but are not limited to the cumulative loss of salary that would have arose from the denied promotional opportunities including the loss of pension and other related retirement benefits as defined as a by-product of income, time of employment, loss of advanced-standing within

the Defendant's workplace, the loss of professional reputation and the loss of earned long-term job security.

6. The Plaintiff seeks monetary damages in an amount to be determined by the court or by jury deliberation, that shall consider the Plaintiff's indirect injuries that include but are not limited to the loss of self- esteem, mental anguish and emotional distress, professional humiliation, personal embarrassment that were incurred by the Plaintiff as a result of the Defendant's actions.

7. The Plaintiff seeks monetary damages an amount to be determined by the court or deliberated by a jury, to offset miscellaneous financial injuries incurred by the Plaintiff to bring forth this matter including, but not limited to complaint related cost, court filings fees, administrative cost, legal fees, court preparation expenses and accrued interest related to all of the above.

8. The Plaintiff seeks punitive and compensatory damages as appropriate and to be determined by the court or deliberated by a jury related to the actions of the Defendant's action related to this matter.

## JURY DEMAND

To achieve relief, equity, the furtherance of justice and to compel the Defendants compliance with the various Federal and State laws, court ruling, and regulations regarding and related to unlawful employer discrimination based on race, and other unlawful reasons, the Plaintiff DEMANDS A JURY TRIAL in this matter.

To whom it may concern,

The Plaintiff will not be directly available to any of the Defendants management or executive staff for discussion during this proceeding. All communication and meeting requests must come directly from Defendant's counsel. Such requests must be in writing and be presented to the Plaintiff or the Plaintiff's counsel as specified. Each request must include the following to be properly addressed.

1. Name of requesting party or parties
2. Specific subject matter to be discussed
3. Suggested date and time
4. Location or communication type
5. Names and affiliations of parties to be in attendance.
6. Request to be sent to 176 Main St Newton, New Jersey 07860

Every effort will be made to answer request within 5 business days.