NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MICHAEL DAVENPORT,

    Plaintiff,

v.

NEW JERSEY BOARD OF PUBLIC
UTILITIES, NEW JERSEY
DEPARTMENT of TREASURY, and
STATE OF NEW JERSEY,

    Defendants.

Civ. No. 18-13687

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Reopen Case filed by Plaintiff Michael Davenport ("Plaintiff"). (Mot. at 1–2, ECF No. 5.) The Court has decided the Motion based on the written submissions and without oral argument, pursuant to Local Rule 78.1(b). For the reasons stated herein, the Motion is granted.

## BACKGROUND

Plaintiff, appearing *pro se*, brings this civil rights action against Defendants New Jersey Board of Public Utilities, New Jersey Department of Treasury, and State of New Jersey (collectively, "Defendants"). Plaintiff filed the Complaint on September 7, 2018, alleging workplace discrimination based on race. (Compl. at 7–8, ECF No. 1.) Plaintiff primarily alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*,[1] and the New

---

[1] Plaintiff relies on 42 U.S.C. § 1981 in the Complaint, but the Complaint alleges that Defendants failed to promote Plaintiff based on his race. (*See, e.g.*, Compl. at 4.) The Court therefore construes the Complaint as alleging claims under Title VII and § 1981.

1

Jersey Law Against Discrimination, N.J.S.A. § 10:5-12.

On September 11, 2018, the Clerk issued summonses and directed Plaintiff to serve Defendants with the Complaint and summonses. (ECF No. 2.) However, Plaintiff did not indicate that he ever served Defendants. In fact, no activity occurred on the docket for over ninety days. Defendants did not, and still have not, entered an appearance in this case.

On December 12, 2018, the Court issued a Letter Order and "advised that if no action is taken with seven (7) days, the Court will dismiss for failure to prosecute" pursuant to Local Civil Rule 41.1(a). (ECF No. 3.) On January 4, 2019, appearing that no proceedings had occurred since September 11, 2018, the Court dismissed the Complaint and closed the case. (ECF No. 4.)

One week later, on January 11, 2019, Plaintiff filed the instant Motion to Reopen Case. (Mot. at 1–2.) Plaintiff contends that he served the Complaint via certified mail on September 7, 2018; "mail[ed] confirmation of Complaint receipt for all three Defendants on September 10, 2018"; and "delivered certification to court by hand on or about September 19, 2018." (Br. at 1, ECF No. 5-1.) Plaintiff also contends that he "served summons on all three Defendants by certified mail on September 19, 2018"; "received mail confirmation of summons receipt for all three Defendants between the period September 24, 2018 and October 10, 2018"; and "submitted copies of Defendant's return receipt to the court by regular mail on or about October 20, 2018." (*Id.*) Plaintiff attaches the applicable receipts to his Brief. (*See* Exs. MTR-1–5, ECF No. 5-2.) The Motion to Reopen Case is presently before the Court.

## LEGAL STANDARD

Local Civil Rule 41.1(a) states that "[c]ivil cases . . . which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court . . . unless good cause is shown." And "[o]nce a

2

case has been dismissed pursuant to L. Civ. R. 41.1, substantial grounds must be shown for its reinstatement." Allyn Z. Lite, New Jersey Federal Practice Rules 275 (2019 ed.) (citing *Taylor v. N.J. Lottery*, 2009 U.S. Dist. LEXIS 42160 (D.N.J. May 19, 2009); *Nichols v. Braceiner*, 2007 U.S. Dist. LEXIS 6867 (D.N.J. Jan. 30, 2007)). In considering a motion to reinstate, some courts have referred to Rule 60(b) of the Federal Rules of Civil Procedure, which allows for relief from a final judgment, order, or proceeding for reasons of "mistake, inadvertence, surprise, . . . excusable neglect, [or] any other reason that justifies relief." *See, e.g., H&R Block Bank v. JBW Holdings, LLC*, 2013 U.S. Dist. LEXIS 132393, at *3 (D.N.J. Sept. 17, 2013); *Dinnerstein v. Burlington Cty. Coll.*, 2015 U.S. Dist. LEXIS 4728, at *2 (D.N.J. Jan. 14, 2015).

## DISCUSSION

Plaintiff contends that the inactivity in this case is excusable because, as he demonstrates by attaching the applicable exhibits, Plaintiff sent to Defendants by certified mail copies of the Complaint and summonses. (*See* Br. at 1; Exs. MTR-1–5.) Although Plaintiff did not respond to the Court's December 12, 2018 Letter Order warning him that the case would be dismissed if no action were taken within seven days, Plaintiff submits that his "place of residence changed during the month of December 2018" and thus his "access to timely regular mail delivery during the transition period was temporarily interrupted between December 1, 2018 and December 25, 2018." (Br. at 2.)

Given Plaintiff's *pro se* status, this delay is excusable. However, Plaintiff is advised that he must attentively care to the administration of this case. In the future, Plaintiff must ensure that he successfully submits his filings and efficiently prosecute his case whether Defendants enter an appearance or not.

## CONCLUSION

For the foregoing reasons, the Motion to Reopen Case is granted. An appropriate Order will follow.

Date: 1/17/19

ANNE E. THOMPSON, U.S.D.J.